IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | |
|---|---|
| FIRST NATIONAL BANK & TRUST COMPANY OF MOUNTAIN HOME, Special Administrator for The Estate of Debra Hulse Knighton, Deceased | PLAINTIFF |
| VS. 4:06CV00898-WRW | |
| STONEBRIDGE LIFE INSURANCE COMPANY; EMC NATIONAL LIFE COMPANY; MINNESOTA LIFE INSURANCE COMPANY; and FLOYD KNIGHTON | DEFENDANTS |
| STONEBRIDGE LIFE INSURANCE | COUNTER PLAINTIFF CROSS PLAINTIFF |
| VS. | THIRD PARTY PLAINTIFF |
| FIRST NATIONAL BANK & TRUST COMPANY OF MOUNTAIN HOME, Special Administrator for the Estate of Debra Hulse Knighton, Deceased | COUNTER DEFENDANT |
| FLOYD KNIGHTON | CROSS DEFENDANT CROSS PLAINTIFF |
| MARSHA SMITH; DONNIE GARVIN; and VINCENT KNIGHTON | THIRD-PARTY DEFENDANTS |

## ORDER TO INTERPLEAD FUNDS

Pending are Defendants EMC National Life Company's ("EMC") and Stonebridge Life Insurance Company's ("Stonebridge") Motions to Interplead Funds and to Discharge them from Liability.[1] Cross Defendant and Cross Plaintiff Floyd Knighton ("Knighton") responded to

---

[1] Doc. Nos. 16, 32.

1

EMC's interpleader motion,[2] but did not respond to Stonebridge's motion. Also pending are Motions to Dismiss[3] filed by EMC and Stonebridge, to which Knighton has responded.[4]

This is an action brought by Plaintiff First National Bank & Trust Company, the Administrator of the Estate of Debra Knighton, to claim the proceeds of insurance policies for the Estate. Because of conflicting claims to insurance proceeds, EMC and Stonebridge interpled the policy funds. Knighton cross-claimed against EMC and Stonebridge for bad-faith and asserts that EMC and Stonebridge should not be discharged from further liability.

## I. Background

EMC issued a $150,000.00 life insurance policy to Debra Knighton in 1997. The policy names her husband, Floyd Knighton, as primary beneficiary, and her Estate as contingent beneficiary.[5] Stonebridge issued a $50,000.00 life insurance policy to Debra Knighton in 1995 which states that the policy proceeds will go to her spouse, if living; and otherwise to her children and step-children in equal parts.[6]

Debra Knighton died on May 23, 2004 as a result of a gunshot wound to the head inflicted by her husband. The State of Arkansas charged Knighton with second degree murder, but the charges were *nolle prossed* in June 2006. In July 2006, the Estate sued EMC and

---

[2]Doc. No. 29.

[3]Doc. Nos. 34, 38.

[4]Doc. Nos. 42, 44.

[5]Doc. No. 1, ¶ 9.

[6]Doc. No. 1, ¶ 8.

Stonebridge for the insurance benefits. The Third-Party Defendants are the children of Debra Knighton.

Knighton filed cross-claims alleging that the failure to pay the face amount insurance benefits was due to "bad faith and affirmative misconduct" by EMC and Stonebridge. Knighton asserts that EMC should not be allowed to interplead the funds until discovery is conducted to determine if the delay in payment was intentional and malicious.

## II. Motion to Dismiss Standard

When ruling on a motion to dismiss, a court assumes that all the complaint's factual allegations are true, and draws all reasonable inferences from those facts.[7] But the complaint must contain facts, not conclusions, and a court is not "required to read in missing facts necessary to perfect the claim."[8] The complaint must allege facts that state a claim as a matter of law.[9]

## III. Authority

### A. Bad Faith

The standard of establishing a claim for bad faith is rigorous and difficult to satisfy.[10] In order to state a claim for bad faith, one must allege that the defendant engaged in affirmative misconduct that was dishonest, malicious, or oppressive.[11] Bad faith has been defined as

---

[7]*Abels v. Farmers Commodities Corp.*, 259 F.3d 910, 914 (8th Cir. 2001); *Botten v. Shorma*, 440 F.3d 979, 980 (8th Cir. 2006).

[8]*DuBois v. Ford Motor Credit Co.*, 276 F.3d 1019, 1022 (8th Cir. 2002).

[9]*Davis v. Hall*, 992 F.2d 151, 152 (8th Cir. 1993).

[10]*Unum Life Ins. Co. of America v. Edwards*, 362 Ark. 624, 627 (2005).

[11]*Id.*

3

misconduct carried out with a state of mind characterized by hatred, ill will, or a spirit of revenge.[12] Negligence or bad judgment is insufficient to establish bad faith.[13] In view of this definition, denial of a claim alone generally does not give rise to the tort of bad faith because there must be affirmative misconduct.[14] Knighton's claims were initially denied because he was accused of murdering his wife. In Arkansas, public policy prohibits a recovery by a beneficiary who wrongfully kills the insured.[15]

### B. Interpleader

An insurance company should not be required to determine, at its own risk, which of two claimants has the better claim. An interpleader action is not dependent on the merits of the claims of the claimants.[16] A party may maintain a suit in interpleader for the purpose of ridding himself of the expense of resisting adverse claims, even though he believes that only one of them is meritorious.[17] Even though some lawsuits prove to be groundless -- there is no better way of establishing that a claim has no merit, than by a trial.[18] An insurance company is not obliged to

---

[12]*Id.*

[13]*Columbia Nat'l Ins. Co. v. Freeman*, 347 Ark. 423 (2002).

[14]*Id.*

[15]*Spencer v. Floyd*, 30 Ark. App. 230 (1990) (citing *Calaway v. Southern Farm Bureau Life Ins. Co.*, 2 Ark. App. 69 (1981); *York, Administratrix v. Hampton*, 229 Ark. 301 (1958); *Horn v. Cole,Administrator*, 203 Ark. 361 (1941); *Inter-Southern Life Ins. Co. v. Butts*, 179 Ark. 349 (1929); *Cooper v. Krisch*, 179 Ark. 952, (1929)).

[16]*Hunter v. Federal Life Ins. Co.*, 111 F.2d 551, 556 (8th Cir. 1940).

[17]*Id.*

[18]*Id.*

pay benefits to Knighton, even if he can ultimately show that his claim is meritorious -- as long as there are conflicting claims, the carrier may delay payment and interplead the funds.[19]

**IV. Discussion**

Knighton's claim of bad faith is based entirely on conclusory allegations of misconduct -- he does not allege any specific actions by the insurance carriers that could be construed as dishonest, malicious**,** or oppressive.

Shortly after his wife's death, Knighton was charged with murder. At that point, the carriers were at risk of violating Arkansas' public policy by paying Knighton while murder charges were pending.[20]

Knighton maintains that, because the charge was *nolle prossed,* the issue of his entitlement to the funds is now settled and the carriers are free to pay him. This is incorrect. Dismissing charges, without a trial and judgment does not settle the matter. Only issues that have been actually litigated and determined by a final judgment can bar further litigation of the matter.[21]

A month after the criminal charges were dismissed, the Estate of Debra Knighton filed this lawsuit alleging that Knighton had wrongfully caused his wife's death. Knighton's

---

[19]*Underwriters at Lloyd's v. Nichols*, 363 F.2d 357 (8th Cir. 1966) (holding that it is the duty of district courts to permit interpleader in order to protect parties from the hazards and vexations of conflicting claims).

[20]*Shane*, 98 Ark. at 135 (holding that "[t]he wilful, unlawful and felonious killing of the assured by the person named as beneficiary in a life policy *forfeits all rights* of such person... It is unnecessary that there should be an express exception in the contract of insurance forbidding a recovery in favor of such person.") (emphasis added).

[21]*Zinger v. Terrell*, 336 Ark. 423 (1999) (holding that the doctrine of issue preclusion bars the relitigation of issues of law or fact actually litigated by the parties that are essential to the judgment).

culpability for the wrongful death of Debra Knighton is an issue that can be raised in a civil action, because there has been no other adjudication of the issue.[22]

Defendants EMC and Stonebridge cannot pay the funds without incurring a substantial risk of multiple liability and double expense, until the conflicting claims are finally resolved. Any delay in payment to Knighton was the result of the carriers' legitimate interest in avoiding the trouble and expense of double litigation.[23]  Facts establishing that there was a dishonest motive for a delay in payment have not been pled.

In view of the above, Knighton fails to allege facts sufficient to state a claim of bad faith against EMC and Stonebridge.  The Motions to Interplead are GRANTED.  The Motions to Dismiss the Cross Claims of Knighton are also GRANTED.

Defendants EMC National Life Company and Stonebridge Life Insurance Company are directed to interplead the policy funds into the Registry of the Court.  Under the Federal Rules of Civil Procedure, these funds "shall be deposited in an interest bearing account or in an interest bearing instrument."[24]  Once the funds are deposited in accordance with the Federal Rules of Civil Procedure, Defendant EMC National Life Company and Defendant, Stonebridge Life Insurance Company will be discharged of any further liability.

IT IS SO ORDERED this 20th day of March, 2007.

---

[22]*Id.* at 429 (holding that a person who was actually adjudged guilty at the criminal stage could not relitigate the same issue in a civil proceeding).

[23]*Nichols*, 363 F.2d at 365.

[24]Fed. R. Civ. P. 67.

/s/Wm. R. Wilson, Jr.
UNITED STATES DISTRICT JUDGE