## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## WESTERN DIVISION

**FIRST NATIONAL BANK & TRUST COMPANY
OF MOUNTAIN HOME, Special Administrator for
The Estate of Debra Hulse Knighton, Deceased**                     **PLAINTIFF**

**VS.**                                   **4:06CV00898-WRW**

**STONEBRIDGE LIFE INSURANCE COMPANY;
EMC NATIONAL LIFE COMPANY; MINNESOTA
LIFE INSURANCE COMPANY; and FLOYD
KNIGHTON**                                                        **DEFENDANTS**

**STONEBRIDGE LIFE INSURANCE**                     **COUNTER PLAINTIFF**
                                                   **CROSS PLAINTIFF**
**VS.**                                     **THIRD PARTY PLAINTIFF**

**FIRST NATIONAL BANK & TRUST COMPANY
OF MOUNTAIN HOME, Special Administrator for
the Estate of Debra Hulse Knighton, Deceased**           **COUNTER DEFENDANT**

**MARSHA SMITH; DONNIE GARVIN;
and VINCENT KNIGHTON**                       **THIRD PARTY DEFENDANTS**

**FLOYD KNIGHTON**                                **CROSS DEFENDANT**
                                                   **CROSS PLAINTIFF**
**VS.**

**MINNESOTA LIFE INSURANCE COMPANY;
EMC NATIONAL LIFE COMPANY; and
STONEBRIDGE LIFE INSURANCE COMPANY**              **CROSS DEFENDANTS**

### <u>ORDER</u>

Pending are Defendant/Cross Defendant/Cross Plaintiff Floyd Knighton's ("Knighton")

Motions for Summary Judgment and for Reconsideration.[1]  Responses to both motions were

filed.[2]

---

[1]Doc. Nos. 22, 64.

[2]Doc. Nos. 48, 51, 70, 72.

This is an action brought by Plaintiff First National Bank & Trust Company ("FNBT"), the Administrator of the Estate of Debra Knighton, to claim the proceeds of insurance policies for the Estate.  EMC National Life Company ("EMC") and Stonebridge Life Insurance ("Stonebridge") issued life insurance policies to the deceased, Debra Knighton. The EMC policy named Debra Knighton's husband, Floyd Knighton, as primary beneficiary, and her Estate as contingent beneficiary.[3]  The Stonebridge policy stated that the insurance proceeds would go to Debra Knighton's spouse, if living, and otherwise to her children and step-children in equal parts.[4]

Because of conflicting claims to the insurance proceeds, an Order was entered allowing EMC and Stonebridge to interplead the funds.[5]  Knighton asks for reconsideration of this order.

## I.  Background

Debra Knighton died as a result of a gunshot wound inflicted by her husband.  Knighton was charged with second degree murder, but the charges were *nol prossed*.  A month later, the Estate of Debra Knighton filed this lawsuit alleging that Knighton wrongfully caused his wife's death.[6]

Knighton argues that there is no genuine issue of material fact, and he is entitled to a judgment as a matter of law.  In support of his motion, Knighton attaches an affidavit, affirming that he did not intentionally kill his wife.[7]  He swears that he accidently shot his wife while

---

[3]Doc. No. 1, ¶ 9.

[4]*Id.*, ¶ 8.

[5]Doc. No. 60.

[6]Doc. No. 1.

[7]Doc. No. 25.

loading his gun to shoot skeet.[8]  Finally, Knighton asserts that there were no other witnesses to the incident.[9]

Knighton maintains that the circumstances of his wife's death have been thoroughly investigated by insurance companies and the Faulkner County's Sheriff's Office and, despite these efforts, there is not a "shred"[10] of evidence establishing that he willfully killed his wife.  In response to Knighton's motion, EMC and FNBT attached affidavits and other documentary evidence.[11]

EMC attached affidavits from Special Agent Karl Byrd ("Byrd"), the felony information sheet filed in the Faulkner County Circuit Court, and the Order of *Nolle Prosequi* signed by Judge Reynolds.[12]

Agent Byrd affirms that he investigated the incident and attached his investigative report.[13]  The report notes that evidence found at the scene and statements taken from neighbors were inconsistent with Knighton's version of events.[14]

Based on the information provided by Byrd, a felony information was issued by the County prosecutor charging Knighton with second degree murder.[15]  The order dismissing the

---

[8]*Id.* at ¶ 4, 9.

[9]*Id.* at ¶ 10.

[10]Doc. No. 24, p. 9.

[11]Doc. No. 48.

[12]*Id.*, Exs. A, D, E.

[13]*Id.*, Ex. A, 1.

[14]*Id.*

[15]*Id.*, Ex. D.

3

charge states: "That as a result of subsequent investigation and at the specific request of the decedent's family members, the State of Arkansas determined that the most appropriate course of action at this time would be and is to *nol pross* the case against the above defendant."[16]

In its Response,[17] FNBT attached affidavits from several witnesses including Knighton's neighbors, Kenneth Boucher ("Boucher") and Shirrell Simpson ("Simpson").  Attached to their affidavits are statements made to Byrd.

Boucher was the first to arrive on the scene, and reported that Knighton moved the skeet thrower before the police arrived.[18]  Simpson told the police officer that, one hour before the shooting, he heard the Knightons arguing.  Simpson also reported that, after he heard the gunshot, he looked over and saw Knighton walk toward the back porch before going to check on his wife.[19]  Affidavits of other witnesses reported that Debra Knighton had an extra-marital affair, the Knightons were in bad financial shape, Knighton was a gambler, and Debra Knighton rarely shot skeet and did not like guns.[20]

## II.  Summary Judgment Standard

Summary judgment is appropriate only when there is no genuine issue of material fact, so that the dispute may be decided on purely legal grounds.[21]  The Supreme Court has established guidelines to assist trial courts in determining whether this standard has been met:

---

[16]*Id.,* Ex. E.

[17]Doc. No. 51.

[18]*Id.*, Ex. 3.

[19]*Id.*, Ex. 3.

[20]*Id.*, Exs. 1, 4, 6.

[21]*Holloway v. Lockhart*, 813 F.2d 874 (8th Cir. 1987); Fed. R. Civ. P. 56.

The inquiry performed is the threshold inquiry of determining whether there is the need for a trial -- whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.[22]

The Court of Appeals for the Eighth Circuit has cautioned that summary judgment is an extreme remedy that should only be granted when the movant has established a right to the judgment beyond controversy.[23]  Nevertheless, summary judgment promotes judicial economy by preventing trial when no genuine issue of fact remains.[24]  I must view the facts in the light most favorable to the party opposing the motion.[25]  The Eighth Circuit has also set out the burden of the parties in connection with a summary judgment motion:

> [T]he burden on the party moving for summary judgment is only to demonstrate, *i.e.*,"[to point] out to the District Court," that the record does not disclose a genuine dispute on a material fact.  It is enough for the movant to bring up the fact that the record does not contain such an issue and to identify that part of the record which bears out his assertion.  Once this is done, his burden is discharged, and, if the record in fact bears out the claim that no genuine dispute exists on any material fact, it is then the respondent's burden to set forth affirmative evidence, specific facts, showing that there is a genuine dispute on that issue.  If the respondent fails to carry that burden, summary judgment should be granted.[26]

Only disputes over facts that may affect the outcome of the suit under governing law will properly preclude the entry of summary judgment.[27]

---

[22]*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

[23]*Inland Oil & Transport Co. v. United States*, 600 F.2d 725, 727 (8th Cir. 1979).

[24]*Id.* at 728.

[25]*Id.* at 727-28.

[26]*Counts v. MK-Ferguson Co.*, 862 F.2d 1338, 1339 (8th Cir. 1988) (quoting *City of Mt. Pleasant v. Associated Elec. Coop.*, 838 F.2d 268, 273-74 (8th Cir. 1988) (citations omitted)).

[27]*Anderson*, 477 U.S. at 248.

5

## III.  Authority

It is settled law in Arkansas that when the beneficiary in a policy of life insurance wrongfully kills the insured, public policy prohibits a recovery by the beneficiary.[28]  This rule prevents individuals from making a profit from their misdeeds.[29]  When primary beneficiaries to life insurance policies are guilty of such conduct, either contingent beneficiaries, the estate, or both are entitled to recover the funds.[30]

The doctrine of collateral estoppel or issue preclusion bars the relitigation of issues of law or fact actually litigated.[31]  The following elements must be shown in order to establish collateral estoppel: (1) the issue sought to be precluded must be the same as that involved in the prior litigation; (2) the issue must have been actually litigated; (3) the issue must have been determined by a final and valid judgment; and (4) the issue must have been essential to the judgment.[32]

Applying these principles, the Arkansas Supreme Court held that a defendant who has been adjudged guilty of murder cannot relitigate the same issue in a later civil proceeding to inherit or take the victim's property.[33]  By the same token, if a defendant has not yet been tried

---

[28]*Spencer v. Floyd*, 30 Ark. App. 230 (1990) (citing *Calaway v. Southern Farm Bureau Life Ins. Co*., 2  Ark. App. 69 (1981); *York, Administratrix v. Hampton*, 229 Ark. 301 (1958); *Horn v. Cole, Administrator*, 203 Ark. 361 (1941); *Inter-Southern Life Ins. Co. v. Butts*, 179 Ark. 349 (1929); *Cooper v. Krisch*, 179 Ark. 952, (1929)).

[29]*Middleton v. Lockhart*, 344 Ark. 572 (2001).

[30]*Spencer*, 30 Ark. App. at 237; *Henry v. Knights and Daughters of Tabor*, 156 Ark. 165 (1922).

[31]*Huffman v. Alderson*, 335 Ark. 411 (1998).

[32]*Miller County v. Opportunities, Inc*., 334 Ark. 88 (1998).

[33]*Zinger v. Terrell*, 336 Ark. 423, 429 (1999).

and acquitted in a criminal trial, the issue of his guilt or innocence has not been actually litigated, and it is open for litigation in a civil trial.

## IV. Discussion

Knighton has the burden of proving that he is entitled to a judgment as a matter of law. To meet his burden, Knighton offered his own affidavit swearing that his wife's death was an accident.  To meet their burden, Plaintiff FNBT and Defendant EMC must produce affirmative evidence, showing that there is a genuine dispute on that issue.

Viewing FNBT's and EMC's evidence in the most favorable light, they carry their burden.  The facts set out in the affidavits from the investigating officer as well as from various other witnesses establish a genuine dispute as to whether Debra Knighton's death was intentional or accidental.  A reasonable jury could consider the evidence presented by these witnesses and conclude that Debra Knighton's death was intentional.

Knighton asks for reconsideration of my March 20, 2007 Order,[34] dismissing his bad-faith claims against EMC and Stonebridge and directing that the disputed funds be interpled.  I may alter this order only if I am persuaded that it contains manifest errors of law or fact.[35]  After reviewing the evidence presented in opposition to Knighton's summary judgment motion, I am convinced that the insurance companies had a duty to interplead the funds, and acted in good faith.  Stonebridge and EMC complied with the order and have deposited the insurance funds with the Clerk of the Court.[36]

---

[34]Doc. No. 60.

[35]*Hagerman v. Yukon Energy Corp*., 839 F.2d 407, 414 (8th Cir. 1988).

[36]Doc. No. 65 (letter from Clerk acknowledging receipt of EMC's funds); Stonebridge sent a letter dated April 16, 2007 to my chambers with an attached receipt showing that its funds had been received by the Clerk.

**V.  Conclusion**

Under Arkansas law, the Estate and contingent beneficiaries of Debra Knighton have a right to recover insurance benefits if it is adjudged that Knighton intentionally caused his wife's death.  At this point, Plaintiff produced sufficient evidence to raise a reasonable inference of his guilt, and created a disputed material fact.  EMC and Stonebridge acted appropriately by interpleading funds.

Knighton's Motions for Summary Judgment and for Reconsideration are DENIED. Stonebridge Life Insurance Company and EMC National Life Company are DISMISSED as parties and are discharged from any further liability.

IT IS SO ORDERED this 30th day of April, 2007.

/s/Wm. R. Wilson, Jr.
UNITED STATES DISTRICT JUDGE