IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | |
|---|---|
| **FIRST NATIONAL BANK & TRUST COMPANY OF MOUNTAIN HOME**, Special Administrator for The Estate of Debra Hulse Knighton, Deceased | **PLAINTIFF** |
| VS.                              4:06CV00898-WRW | |
| **STONEBRIDGE LIFE INSURANCE COMPANY; EMC NATIONAL LIFE COMPANY; MINNESOTA LIFE INSURANCE COMPANY; and FLOYD KNIGHTON** | **DEFENDANTS** |
| **STONEBRIDGE LIFE INSURANCE** | **COUNTER PLAINTIFF** <br> **CROSS PLAINTIFF** <br> **THIRD-PARTY PLAINTIFF** |
| VS. | |
| **FIRST NATIONAL BANK & TRUST COMPANY OF MOUNTAIN HOME**, Special Administrator for the Estate of Debra Hulse Knighton, Deceased | **COUNTER DEFENDANT** |
| **MARSHA SMITH; DONNIE GARVIN; and VINCENT KNIGHTON** | **THIRD-PARTY DEFENDANTS** |
| **FLOYD KNIGHTON** | **CROSS DEFENDANT** <br> **CROSS PLAINTIFF** |
| VS. | |
| **MINNESOTA LIFE INSURANCE COMPANY; EMC NATIONAL LIFE COMPANY; and STONEBRIDGE LIFE INSURANCE COMPANY** | **CROSS DEFENDANTS** |

**ORDER**

Pending is separate Cross Defendant Minnesota Life Insurance Company's ("Minnesota") Motion to Dismiss First National Bank and Trust Company's ("FNBT") Complaint and Floyd Knighton's ("Knighton") Cross Claim.[1]  Plaintiff FNBT responded and

---

[1] Doc. No. 45.

1

suggested that I grant the motion and withhold ruling on its claim against Minnesota.[2]  Cross Claimant Knighton responded that his claim against Minnesota is ripe.[3]

This is an action brought by FNBT, the Administrator of the Estate of Debra Knighton, to claim life insurance funds from three insurance companies on behalf of her estate.[4]  Knighton filed cross claims against these three companies.[5]  The other two life insurance companies interpled their funds and have been dismissed from this case.[6]

Minnesota was one of the three insurance companies sued by FNBT and Knighton.  But, the claims against Minnesota are different because Minnesota's policy was issued through Knighton's employer.  Therefore, it is undisputed that claims against Minnesota are governed by ERISA.[7]

## I.  Background

Debra Knighton died from a gunshot wound inflicted by her husband -- Knighton.  At the time of the incident, Minnesota's accidental death and dismemberment policy was in effect and covered Knighton and his wife.  Under the terms of the policy, Knighton is the "certificate holder," and is the only eligible beneficiary.[8]

---

[2]Doc. No. 62.

[3]Doc. No. 57.

[4]Plaintiff and Counter Plaintiff also claim recovery from EMC National Life Company and Stonebridge Life Insurance Company.

[5]Doc. Nos. 26, 27, 28.

[6]Doc. No. 73.

[7]29 U.S.C. §§ 1001-1169 (Employee Retirement Income Security Act of 1974).

[8]Doc. No. 48, pp. 21-24.

Knighton alleges that his wife's death was an accident. But, FNBT alleges that Knighton intentionally took his wife's life, and he should not recover the benefits under Arkansas law,[9] which designates the estate as the true beneficiary.[10]

Minnesota contends that the competing claims of FNBT and Knighton must be dismissed for the following reasons: (1) the claims are premature; (2) Debra Knighton's estate and FNBT cannot receive benefits under the clear terms of the policy; and (3) Knighton did not state claims under ERISA, but alleged state law claims that are preempted.

## II. Motion to Dismiss Standard

In ruling on a motion to dismiss under Rule 12(b)(6), a plaintiff's well-pleaded factual allegations are taken as true.[11] A motion to dismiss should not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim for relief.[12]

## III. Authority

### A. Applicable ERISA Legal Standards

Like the Arkansas rule, the federal "slayer's rule" holds that "a beneficiary who has wrongfully caused the death of an insured forfeits his right to insurance proceeds."[13] There is a

---

[9]*Spencer v. Floyd*, 30 Ark. App. 230 (1990) (citing *Calaway v. Southern Farm Bureau Life Ins. Co.*, 2 Ark. App. 69 (1981); *York, Administratrix v. Hampton*, 229 Ark. 301 (1958); *Horn v. Cole, Administrator*, 203 Ark. 361 (1941); *Inter-Southern Life Ins. Co. v. Butts*, 179 Ark. 349 (1929); *Cooper v. Krisch*, 179 Ark. 952 (1929)).

[10]*Henry v. Knights and Daughters of Tabor*, 156 Ark. 165 (1922).

[11]*Veal v. First Am. Sav. Bank*, 914 F.2d 909, 913 (7th Cir. 1990); *Gomez v. Illinois State Bd. of Educ.*, 811 F.2d 1030, 1039 (7th Cir. 1987).

[12]*Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

[13]*Metro. Life Ins. Co. v. Kelley*, 890 F. Supp. 746 (N.D. Ill. 1995) (citing *Mut. Life Ins. Co. of N.Y. v. Armstrong*, 117 U.S. 591, 600 (1886) which held that "it would be a reproach to the jurisprudence of the country if one could recover insurance money payable on the death of the party whose life he had feloniously taken")).

divergence of opinion as to whether federal common law or state common law applies to ERISA under such circumstances.[14]

The Eighth Circuit Court of Appeals has not specifically addressed this question, but has held that ERISA preemption makes the designation of plan beneficiaries and the determination of who is entitled to plan benefits questions of federal law.[15]  Federal law and Arkansas law do not conflict with respect to Knighton's claim -- he will forfeit the benefits if it is determined that he killed his wife.  A problem arises with respect to the claim on behalf of the estate.

Arkansas, along with a majority of other states, holds that when a beneficiary is barred from recovering because he took the insured's life -- in the absence of a special provision to the contrary -- the insurance company remains liable for the proceeds.[16]  Under this rule, when there are no contingent beneficiaries, the funds are paid to the decedent's estate.[17]

I can find no federal common law that specifically addresses this question.  However, a standard way in which federal courts create federal common law is by adopting the law of the state whose law would govern in the absence of federal law, as long as the adopted state law is consistent with federal policy.[18]

---

[14]*Addison v. Metropolitan Life Ins. Co.*, 5 F. Supp.2d 392 (W.D. Va. 1998) (holding that, as a matter of federal common law, a beneficiary who murdered his spouse was not entitled to ERISA benefits); but see *Administrative Committee for the H.E.B. Inv. and Retirement Plan v. Harris*, 217 F. Supp. 2d 759 (E.D. Tex.  2002) (holding that state common law is not preempted if a beneficiary murders the insured).

[15]*Equitable Life Assurance Soc. of U.S. v. Crysler*, 66 F.3d 944 (8th Cir. 1995).

[16]*Henry*, 156 Ark. at 165; *Cockrell v. Life Ins. Co. of Georgia*, 692 F.2d 1164 (8th Cir. 1985) (applying Arkansas law and holding that benefits denied to the beneficiary become an asset of the estate).

[17]*Id.*

[18]*Steffes v. Stephan Co.*, 144 F.3d 1070 (7th Cir. 1998).

There is no question that federal common law rules of contract interpretation govern ERISA disputes.[19] Under these rules, the terms of the policy are interpreted in an ordinary and popular sense, and if there are ambiguities in the insurance contract, they are resolved against the insurance company.[20]

### B. Fiduciary Duties under ERISA

ERISA protects employee pensions and other benefits by imposing certain fiduciary duties on the administration of pension and nonpension benefit plans.[21] ERISA's fiduciary provisions invoke the common law of trusts.[22]

An ERISA fiduciary must discharge his duties in the interest of the plan participants and beneficiaries.[23] A fiduciary must also comply with the common-law duty of loyalty, and is obligated to deal fairly and honestly with *all* plan members.[24]

Under the common law of trusts, "[a] trustee is . . . expected to 'investigate the identity of the beneficiary when the trust documents do not clearly fix such party.'"[25] Furthermore, "[a] trustee has the obligation to guard the assets of the trust from improper claims, as well as the obligation to pay legitimate claims."[26] In fine, fiduciary duties extend to *everyone* covered by

---

[19]*Life Ins. Co. of North America v. Von Valtier*, 116 F.3d 279, 283 (7th Cir. 1997).

[20]*Delk v. Durham*, 959 F.2d 104 (8th Cir. 1992).

[21]*Varity Corp v. Howe*, 516 U.S. 489, 496 (1996).

[22]*Central States, Southeast and Southwest Areas Pension Fund v. Central Transport*, 472 U.S. 559, 572 (1985).

[23]29 U.S.C. § 1104(a)(1).

[24]*Shea v. Esensten*, 107 F.3d 625, 628 (8th Cir. 1997) (emphasis added).

[25]*Central Transport*, 472 U.S. at 572.

[26]*LeFebre v. Westinghouse Elec. Corp.*, 747 F.2d 197, 207 (4th Cir. 1984).

5

the policy, and, if an a claim is not properly investigated, the administrator breaches his fiduciary duty to all beneficiaries by granting benefits to unqualified claimants.[27]

"If a pending judicial determination could serve to bar a distribution to a particular beneficiary, it reasonably follows that there is a fiduciary responsibility to delay the distribution to that person until a judicial determination regarding that beneficiary's ability to receive plan benefits has been made."[28]

## IV. Discussion

At this time, there is a reasonable inference that Knighton murdered his wife. The evidence supporting this inference is strong enough to create a question of fact for trial. Arkansas and federal law recognize the "slayer's rule," which prohibits payment of benefits if Knighton took his wife's life. The "slayer's rule" applies to ERISA claims.

Minnesota is acting prudently by denying benefits until this case is adjudicated. If Minnesota paid Knighton now, and he was later found guilty at trial, Minnesota would have breached its fiduciary duties. So, Minnesota is correct -- Knighton's claim is premature.

Minnesota maintains that, under the unambiguous terms of the policy, FNBT cannot claim benefits in Knighton's place, and, therefore, it does not state a claim for relief. According to federal common law, unambiguous contract terms will be enforced. In this case, the contract terms designate Knighton as the certificate holder and the only beneficiary. However, under Arkansas law, the insurer remains liable despite such terms. The policy must have terms that

---

[27]*Tillery v. Hoffman Enclosures, Inc.*, 280 F.3d 1192 (8th Cir. 2002) (emphasis added).

[28]*Atwater v. Nortel Networks,* Inc., 388 F. Supp. 2d 610, 617 (M.D. N.C. 2005) (citing *Estate of Curtis by Curtis v. Prudential Ins. Co.*, 839 F. Supp. 491 (E.D. Mich. 1993) (finding that an administrator breached its fiduciary duty to other plan participants by paying benefits to a man suspected of murdering the insured)).

6

specifically exclude the estate under these circumstances.  Based on this, FNBT has a legal basis for recovery.

**V.  Conclusion**

This is a claim for recovery of life insurance benefits under a plan governed by ERISA. Minnesota is a fiduciary of Knighton and all other plan participants.  As such, Minnesota would breach its duty to the other plan participants by paying Knighton's claim if he is disqualified by the "slayer's rule."  There are no federal common law rulings on FNBT's right to recovery if Knighton is excluded.  In the absence of federal law, I can look to Arkansas for the answer.  In view of this, FNBT states a claim for relief.

Cross Defendant, Minnesota Life Insurance Company's Motion to Dismiss the Claims of Plaintiff and Cross Plaintiff, Floyd Knighton (Doc. No. 45) is DENIED.  A ruling on the merits of the ERISA claims will be withheld until after Knighton's guilt or innocence has been determined in a civil trial on the merits of the other claims in this case.  An Amended ERISA Scheduling Order will be issued within thirty days of a final adjudication of the other claims.

IT IS SO ORDERED this 8th day of May,  2007.

/s/Wm. R. Wilson, Jr.
UNITED STATES DISTRICT JUDGE