**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**FIRST NATIONAL BANK & TRUST
COMPANY OF MOUNTAIN HOME**                                         **PLAINTIFF**

v.                                    4:06-CV-00898-WRW

**STONEBRIDGE LIFE INSURANCE
COMPANY, et al.**                                                              **DEFENDANTS**

**ORDER**

    **1. Defendant's Motion to Exclude (Doc. No. 87)** has two subsections (a request to exclude the introduction of shotgun and a request to exclude introduction of any insurance policy and prohibition of the mention by any witness of the existence of any insurance policy are denied), and both are DENIED.

    **2. Plaintiff's Motion in Limine to Allow the Introduction of the Affidavit of Shirrell "Bud" Simpson, Deceased, as Evidence (Doc. No. 88)** is DENIED.  Unless the proponent of this statement can give me a specific citation ruling that such a document is admissible, it will be excluded.

    **3. Plaintiff's Motion in Limine to Exclude Any Reference to the Fact that Criminal Charges Were Not Pursued Nor a Conviction Obtained in this Matter (Doc. No. 92)** is GRANTED -- it seems to me that, if the criminal proceeding needs to be referred to in any respect, it can be referred to as "the <u>other</u> proceeding," without any direct or indirect reference to "criminal."

    **4. Plaintiff's Motion in Limine to Exclude as Evidence Debra Knighton's Previous Employment as an "Erotic Masseuse" and Any Reference to the Word "Swinger(s)" (Doc. No. 104)** is GRANTED in PART and DENIED in PART.  Since the parties apparently agree that

the deceased and Defendant, Mr. Knighton, had an "open marriage" (in which they could have sex with other parties at will), I see no reason that the words "masseuse" and "swinger" or like words or phrases should be used.

**5. Defendant's Motion in Limine to Exclude as Evidence of Floyd Knighton's Extra Marital Affairs (Doc. No. 109)** -- what is good for the goose is good for the gander -- see the court's ruling in the next preceding paragraph. Mr. Knighton should not be referred to as a "swinger" either.

**6. Defendant's Motion in Limine to Exclude as Evidence the Fact of Floyd Knighton's Recreational Gambling (Doc. No. 111)** is GRANTED, unless it is established that he was in debt from gambling to the extent that he had motive to commit a homicide.

**7. Plaintiff's Motion in Limine to Exclude Any Evidence of Deputy Prosecutor Stephan Hawks's "Sound Experiment" (Doc. No. 124)** is GRANTED, unless the witness can show that any experiment was done under the same or very similar circumstances, and can otherwise establish that it make some issue more or less likely. This subject should not be broached before the jury without advance permission form the court.

IT IS SO ORDERED this 28th day of March, 2008.

/s/ Wm. R. Wilson, Jr._____
UNITED STATES DISTRICT JUDGE